# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MARCELA E. MELGAREJO § | |
| § | Civil Action No. 4:18-CV-87 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| BANK OF AMERICA, N.A., C/O § | |
| REVERSE MORTGAGE SOLUTIONS, § | |
| INC. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 14, 2019, the report of the Magistrate Judge (Dkt. #70) was entered containing proposed findings of fact and recommendations that Defendant Bank of America, N.A.'s ("Defendant" or "BANA") Motion for Summary Judgment be granted. Having received the report of the Magistrate Judge, having considered Plaintiff Marcela E. Melgarejo's ("Plaintiff") Objection (Dkt. #78), Defendant's Response (Dkt. #79), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

### RELEVANT BACKGROUND

The underlying facts of this case have been set forth previously; as such, the Court sets forth only those facts pertinent to Plaintiff's Objection.

Plaintiff's deceased husband, Miguel F. Melgarejo ("Decedent"), obtained a reverse mortgage[1] on the real property located at" 1936 Pin Oak Drive, Flower Mound, Texas 75028 (the

---

[1] An exhaustive primer on the legislative history of reverse mortgages is contained in the Magistrate Judge's Report (Dkt. #70).

"Property") on October 26, 2009. Specifically, as security for a Home Equity Conversion Closed-End Fixed Rate Note ("Note"), Decedent executed a Fixed Rate Deed of Trust ("Deed of Trust"), wherein Decedent was identified as the sole Borrower[2] (collectively, the "Reverse Mortgage") (Dkts. #19-1; #19-10 at pp. 3–12). Plaintiff averred that she is not a borrower on the Note (Dkt. #19-3 at p. 3). Plaintiff signed the Deed of Trust, agreeing to encumber the Property (Dkt. #19-1 at p. 9), but only Decedent signed the Note (Dkt. #19-2 at p. 3). Plaintiff also signed a general warranty deed, conveying her interest in the Property to Decedent (Dkts. #19-9; #19-10 at pp. 54–55).

Important herein, section 9 of the Deed of Trust, signed by Plaintiff, provides "Lender may require immediate payment in full of all sums secured by this Security Instrument if (i) All Borrowers die" (Dkts. #19-1 at pp. 3–4; #19-10 at p. 5). Similarly, section 6 of the Note similarly provides "Lender may require immediate payment in full of all outstanding principal and accrued interest if: (i) All borrowers die" (Dkts. #19-2 at p. 2; #19-10 at p. 14). Before the Reverse Mortgage was executed, Plaintiff recognized that when Decedent died, the Note would mature. Specifically, Plaintiff attested to a Notice to Non-Borrowing Spouse, which stated that "a non-borrowing spouse. . . should be aware. . . if the borrowing spouse predeceases you or otherwise no longer occupies the property as their primary residence, the reverse mortgage will become due and payable. Repayment of the existing reverse mortgage is typically made through the proceeds of the sale of the property or through a refinance into a new mortgage" (Dkts. #19-6 at p. 1; #19-10 at p. 42).

---

[2] Decedent is also identified in the Note as the sole Borrower (Dkt. #19-10 at pp. 13–16).

Decedent passed away on May 21, 2017 (Dkt. #3 at p. 2), and as a result, the outstanding principal and interest under the Reverse Mortgage became due and payable, and also began the 120-day clock for any Mortgagee Optional Election ("MOE") to assign the loan to the Department of Housing and Urban Development ("HUD"). Plaintiff inherited the Property under Decedent's Last Will and Testament (Dkt. #3 at p. 2). In June 2017, Plaintiff submitted Decedent's death certificate to the then-mortgage servicer at the time (Dkt. #30-2 at p. 2). RMS Mortgage ("RMS") sent notice to Plaintiff on July 10, 2017, that it was the current servicer of the Reverse Mortgage; RMS is still the current servicer (Dkt. #36-5). A week later, on July 17, 2017, Defendant was assigned the Reverse Mortgage (Dkt. #36-6).

Plaintiff notified RMS in July or August 2017 that she resided at the Property and intended to continue residing at the Property; Plainitff further provided RMS with all requested documents (Dkt. #30-2 at pp. 2–3). At least by October 11, 2017, Plaintiff provided written notice of her intent to remain in the Property. RMS sent Plaintiff a Notice of Non-Election pursuant to Mortgagee Letter 2015-15 on October 26, 2017, wherein RMS informed Plaintiff that it could not allow her to remain in the Property because she had not informed RMS of her intent to remain within the 120-day deadline (Dkt. #19-7). Specifically, the Notice of Non-Election stated that "[s]ince this time frame [to comply with HUD requirements] has already expired, we are unable to offer the Deferral Period and we will proceed with foreclosure unless you avail yourself of another foreclosure alternative" (Dkt. #19-7 at p. 1). The Property was set for foreclosure in November 2017. Thereafter, on December 20, 2017, Defendant's foreclosure counsel sent Plaintiff a "Notice of Reposting and Sale," wherein Defendant notified Plaintiff that the Property was listed for foreclosure sale on February 6, 2018 (Dkt. #36-7).

On January 23, 2018, Plaintiff filed the instant suit in state court, requesting a temporary restraining order enjoining the foreclosure sale (Dkt. #2). On the following day, Plaintiff amended her pleading, filing the Amended Original Petition for Temporary Restraining Order, Injunction and Damages ("Amended Complaint"), the live pleading, wherein Plaintiff asserts no specific causes of action, and only seeks injunctive relief enjoining Defendant from foreclosing on the Property and evicting Plaintiff. Also on the same date, the state court granted Plaintiff a temporary restraining order. Defendant filed its answer and counterclaim for attorney's fees and thereafter, on February 6, 2018, removed the case to the Eastern District of Texas, Sherman Division (Dkts. #1; #4).

On July 11, 2018, Defendant filed its Motion for Summary Judgment, the focus of which is whether a mortgagee's election under the MOE program is mandatory or discretionary and/or whether Plaintiff is afforded any statutory protections as a non-borrower spouse (Dkt. #19). On July 27, 2018, Plaintiff filed her Response (Dkt. #30), and on August 1, 2018, Defendant filed its Reply (Dkt. #32). On August 9, 2019, with Defendant's agreement, Plaintiff supplemented her live complaint (Dkt. #36). Plaintiff filed a Supplemental Response to Defendant's Motion for Summary Judgment on February 1, 2019 (Dkt. #66). The Court thereafter ordered the Parties to provide additional targeted briefing on the specific question of whether a mortgagee's election under the "MOE" program is mandatory or discretionary (Dkt. #67). Defendant filed both its additional briefing and its Reply to Plaintiff's Supplemental Response on February 8, 2019 (Dkts. #68; #69). Plaintiff failed to file any additional briefing.

The Magistrate Judge entered a Report and Recommendation on February 14, 2019, recommending that Defendant's Motion for Summary Judgment be granted, and Plaintiff's claims be dismissed with prejudice and Defendant's counterclaim for attorney's fees be granted

(Dkt. #70). On February 15, 2019, Plaintiff filed a Notice, advising the Court that RMS had filed bankruptcy on February 11, 2019 (Dkt. #71). On the same date, the Court ordered the Parties to file "briefing setting forth their respective positions, supported by applicable authority, regarding the impact of the bankruptcy filing and/or the applicability of the automatic stay on this case, including specifically but not limited to, the District Judge's consideration of the pending Report and Recommendation" (Dkt. #72). On February 25, 2019, both Parties filed their supplemental briefing related to the bankruptcy (Dkts. #73; #74). On February 28, 2019, Plaintiff filed further responses to the supplemental briefing (Dkts. #76; #77) and her objection to the Report (Dkt. #78); Defendant filed its Response to the Report, updating the number of hours to be levied in calculating the award of attorney's fees (Dkt. #79), and its Response to Plaintiff's briefing related to the bankruptcy (Dkt. #80).

## PLAINTIFF'S OBJECTION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

On February 14, 2019, the Magistrate Judge entered a Report and Recommendation, finding that Defendant's Motion for Summary Judgment should be granted and that Plaintiff's claims should be dismissed with prejudice (Dkt. #70 at p. 24). Specifically, the Report concluded that 12 U.S.C. § 1715z-20(j) did not alter or limit Defendant's right to foreclose under the terms of the reverse mortgage contact as "subsection (j) does not refer to or impact whether a lender can foreclose on a property" (Dkt. #70 at p. 12). Further, the magistrate judge found that Defendant was under no requirement to pursue the mortgagee optional election ("MOE")—regardless if Plaintiff provided proper notice in connection thereto (Dkt. #70 at p. 16). Furthermore, after

calculating the lodestar fee pursuant to *Johnson v. Georgia Highway Express, Inc.* factors, the magistrate judge further recommended that Defendant's counterclaim for attorney's fees be granted in the amount of $17,061.18 (Dkt. #70 at pp.23–24).

Plaintiff has filed an objection (Dkt. #78) to the Magistrate Judge's Report and Recommendation (Dkt. #70) asserting that the Report and Recommendation is void as a matter of law due to the filing of RMS's bankruptcy on February 11, 2019, thereby triggering the automatic stay provision under 11 U.S.C. § 362 (Dkt. #78 at p. 7). Defendant responds that BANA is the only defendant named in the case, RMS is not a party to the case, and therefore, the automatic stay provision is not applicable (Dkt. #74 at pp. 1–2).

As an initial matter, Plaintiff's sole objection relates to the threshold matter of whether the automatic stay provision should apply in this case, which would void—or potentially void—the Report (*see generally* Dkt. #78). Plaintiff does not specifically object to any of the Magistrate Judge's findings within the Report. Under Federal Rule of Civil Procedure 72, an objection to a magistrate judge's report and recommendation must be specific to the proposed findings and recommendations. Only objections that are sufficiently specific to focus the district court's attention on the factual and legal issues in dispute should be considered. Because the automatic stay is inapplicable to the instant case, as discussed *infra*, the Court therefore adopts the Report's findings.

*Automatic Bankruptcy Stay*

Section 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate." *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148

6

(5th Cir.1987) (quoting 11 U.S.C. § 362(a)(3)). The automatic stay generally forestalls any action against debtors in bankruptcy, but not against co-debtors, co-tortfeasors, or other non-debtors. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003).

"Most circuits hold that the district court has jurisdiction to determine the applicability of the automatic stay under § 362(a) to proceedings before it." *Arnold v. Garlock, Inc.*, 288 F.3d 234, 236 (5th Cir. 2002) (citing 2B Bankr. Service L. Ed. § 19:65(2002) (reporting that the Second, Third, Fifth, Sixth, Seventh, Eighth, and Tenth Circuits so rule)). "The automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding. "As [the Fifth Circuit] ha[s] noted, other district courts retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay." *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990).

Plaintiff asserts that RMS is a party to this case, and therefore a debtor-defendant, "[b]ecause RMS appears in the caption of the case, was provided actual notice of the petition and claims which were based on its actions, has participated in this litigation, and the firm representing it has entered an appearance in the case" (Dkt. #78 at p. 7). The Court disagrees. The "defendant" named in the caption of the case is "Bank of America, N.A., c/o Reverse Mortgage Solutions, Inc." RMS is not named as an individual defendant and instead appears merely in the capacity "care of" for BANA. Further, only one citation has been issued in this case (Dkt. #1-1). The sole citation is directed to "Bank of America, N.A. c/o Reverse Mortgage Solutions, Inc., 14405 Walters Road, Suite 200, Houston, Texas 77014 and its mortgage foreclosure Trustee, Mackie, Wolf, Zientz & Mann, P.C., Parkway Office Center, Suite 900, 14160 North Dallas Parkway, Dallas, Texas

7

75254" (Dkt. #1-1). Specifically, under the "parties" heading, only Plaintiff and BANA are listed (Dkt. #1-1 at p. 1). Further, the Notice of Hearing to Show Cause attached to the citation states:

> Whereas, Marcela Melgarejo in the County of Denton, State of Texas did on 01/23/18 file in the 393rd Judicial District Court . . . Plaintiff's Original Petition for Temporary Restraining Order, Injunction and Damages in Cause No. 18-0662-393 on the docket of said Court wherein, *Marcela Melgarejo; Bank Of America are parties to the suit* and Marcela Melgarejo allege as per attached copy of Plaintiff's Original Petition for Temporary Restraining Order, Injunction and Damages.

(Dkt. #1-1 at p. 2) (emphasis added).

Aside from being listed as "care of" in the address line, RMS is mentioned nowhere else on the citation for Plaintiff's case. Merely being named in the caption and the address line as "care of" is not sufficient to properly name RMS as a defendant. *See In re Crabtree*, No. 06-80540, 2008 WL 5339108, at *5 (Bankr. E.D. Okla. Dec. 19, 2008); *Teen v. Masse*, No. 18-cv-00994-JPG, 2018 WL 2329744, at *3 (S.D. Ill. May 23, 2018); *Body v. D.C.*, No. CV 09-1376 (RBW), 2011 WL 13122539, at *1 (D.D.C. Apr. 14, 2011); *Elkins v. Wands*, 11-CV-01239-LTB, 2011 WL 5865061, at *1 (D. Colo. Nov. 22, 2011).

Moreover, in her Amended Complaint, Plaintiff defines "Defendant" as "a bank and mortgage company duly authorized to engage in the banking and mortgage business in Texas" (Dkt. #3 at p. 1). Plaintiff refers to RMS, in a separate paragraph, as a "mortgage servicer," and aside from indicating that RMS became the mortgage service on July 10, 2017, Plaintiff does not attribute any further conduct to "RMS" specifically (Dkt. #3 at p. 2). [3]

---

[3] The Court additionally notes that because Defendant BANA is the mortgagee and Plaintiff only seeks injunctive relief to halt foreclosure proceedings against the Property, RMS, as mortgage servicer for BANA, is not a necessary or required party to the action. *See Schmelzer v. Nationstar Mortg., LLC*, No. 4:16-CV-389, 2016 WL 4368735, at *4 (E.D. Tex. Aug. 16, 2016) (holding that the only required party was the mortgagee and mortgage service was not a required party where Plaintiff only sought declaratory and injunctive relief to declare a foreclosure barred by the applicable statute of limitations); *U.S. Bank Nat'l Ass'n v. Richardson*, No. 3:17-cv-2271-L, 2019 WL 1115059, at *4 (N.D. Tex. Mar. 11, 2019) (holding mortgage servicer only a nominal party even where given "Limited Power of Attorney" by mortgagee-bank); *Powell v. Nationstar Mortgage LLC*, No. 4:16-cv-251, 2017 WL 191261, at *2 (E.D. Tex. Jan. 18, 2017).

Further, Plaintiff's assertions that "Plaintiff's Petition and other pleadings in this case are clearly sufficient to put both BANA and RMS on notice of Plaintiff's claims, both parties have received the petition, and the same firm representing both parties has entered an appearance in the case" (Dkt. #78 at p. 6) are misguided and do not alter that RMS has never been properly served, has never answered, has never joined BANA's appearances and/or filings, and has never made a separate appearance. Importantly, all filings on behalf of Defendant explicitly indicate that they were made on behalf of "Defendant Bank of America, N.A." Counsel for "Defendant" additionally acknowledges in the signature block that they are "attorneys for Defendant, Bank of America, N.A." Even the parties' "Joint Request for Mediation with United States Magistrate Judge" states that the parties are "Plaintiff Marcela E. Melgarejo, and Defendant, Bank of America, N.A." (Dkt. #35 at p. 1).

Therefore, because RMS is not a party to the case, no automatic stay applies as a result of RMS's bankruptcy petition. *See e.g.*, *Priority Healthcare Distribution, Inc. v Regional Cancer Specialists, Inc.*, No. 4:08-cv-0144-HLM, 2008 WL 11411410, at *4 n.1 (N.D. Ga. Dec. 22, 2008) ("Because Plaintiff did not name Dr. Halverson as a party to this case, the Court concluded that the automatic stay did not arise in this case based on Dr. Halverson's bankruptcy filing."). Accordingly, Plaintiff's singular objection is overruled.

## DEFENDANT BANA'S RESPONSE

On February 28, 2019, Defendant BANA filed its Response to the Report and Recommendation (Dkt. # 79) asserting that the Court "correctly applied the 'lodestar' fee method"

9

and properly assessed attorney's fees and costs, but that its attorney's fees have increased since the filing of its Motion for Summary Judgment (Dkt. #79 at p.2). Defendant requests that it now be granted all of its reasonable and necessary attorney's fees and costs in the sum of $43,891.18 and attaches as Exhibit A, a Supplemental Affidavit in Support of Attorneys' Fees and Costs (Dkts. #79 at p. 3; #79-1). Plaintiff has asserted no objection to Defendant's request for attorney's fees.

> As the Magistrate Judge has already explained:
>
> Defendant is represented by Branch M. Sheppard of Galloway, Johnson, Tompkins, Burr & Smith, a PLC ("GJTBS") [Dkt. 19-11 at 1]. Mr. Sheppard has been licensed in the state of Texas for over sixteen years [Dkt. 19-11 at 1]. Mr. Sheppard declared that he "ha[s] extensive experience representing mortgage lenders and/or mortgage services in cases similar to the present" [Dkt. 19-11]. Additionally, Mr. Sheppard indicated that there were other legal professionals who assisted him in this matter [Dkt. 19-11]. In this case, Mr. Sheppard charged $275 for each hour of work he performed; other legal professionals who assisted Mr. Sheppard charged $275.00, $250.00, or $100.00 for each hour expended [Dkt. 19-11 at 2]. Mr. Sheppard averred that these are reasonable amounts given the nature of the claims and each professional's experience, and were reasonable and customary with other fees charged in the Eastern District of Texas [Dkt. 19-11].
>
> ***
>
> [T]he Court concludes that the requested hourly rates charged by GJTBS are reasonable and within the market rate for attorneys handling this type of litigation in the Eastern District of Texas. *See Ocwen Loan Servicing, LLC v. Deane*, No. 4:15-CV-00682-O-BP, 2017 WL 6816499, at *5 (N.D. Tex. Dec. 1, 2017), *report and recommendation adopted*, No. 4:15-CV-00682-O-BP, 2018 WL 309105 (N.D. Tex. Jan. 5, 2018); *Vanliner Ins. Co. v. DerMargosian*, No. 3:12–cv–5074–D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorney's fees).

(Dkt. #70 at pp. 22–23).

In Mr. Sheppard's Supplemental Affidavit, he avers that he is "of the opinion that a reasonable attorneys' fee and expenses in this cause with respect to Defendant, through summary judgment, would be the sum of $43,891.18" (Dkt. #79-1 at p. 2). Upon review of the billing invoices, the Court has found no duplicative, excessive, or otherwise improper hours billed therein.

Accordingly, the Court concludes that $43,891.18 is a reasonable and appropriate attorney's fee in this case, and that Defendant should be permitted to assess such attorney's fee to the loan as part of the total debt.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #78), Defendant's Response (Dkt. #79), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #70) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #19) is **GRANTED**. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Defendant shall be, and the same hereby is, awarded reasonable and necessary attorney's fees and costs of $43,891.18 to be assessed against the loan itself, not Plaintiff individually.

**IT IS SO ORDERED**.
**SIGNED this 26th day of March, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE